UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| THOMAS A. JANERO, *Individually and as* *Personal Representative of the Estates of* KRISTEN M. JANERO and XANDER D. JANERO, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) CAUSE NO. 1:13-CV-155 |
| NORFOLK SOUTHERN RAILWAY COMPANY and CSX TRANSPORTATION, INC., | ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This case was removed to this Court from the Blackford Superior Court by Defendants based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 2.) The Notice of Removal alleges that "[u]pon information and belief," Plaintiff seeks to recover more than $75,000, exclusive of interests and costs, and that "[u]pon information and belief, Plaintiff, Thomas A. Janero, is a citizen of Indiana." (Notice of Removal ¶¶ 3-4.)

Defendants' Notice of Removal, however, is inadequate for two reasons. First, it is well-settled that "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M*

1

*Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992). Consequently, Defendants must amend their Notice of Removal to allege both the amount in controversy and Plaintiff Thomas Janero's citizenship on personal knowledge rather than information and belief.

The Notice of Removal is further inadequate because Thomas Janero is not only suing on his own behalf, but also as the personal representative of the estates of his wife, Kristen M. Janero, and his son, Xander D. Janero, both of whom are deceased. Because Thomas is also suing as the personal representative of Kristen's and Xander's estates, it is their citizenship, as the decedents, that governs for purposes of diversity jurisdiction over their claims. *See* 28 U.S.C. § 1332(c)(2) (stating that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent"); *Gustafson v. zumBrunnen*, 546 F.3d 398, 400-01 (7th Cir. 2008) (noting that the federal diversity statute treats the legal representative of a decedent's estate as a citizen of the same state as the decedent). The Notice of Removal, however, makes no allegations concerning the citizenship of Kristen Janero or Xander Janero.

Therefore, Defendants are ORDERED to supplement the record by filing an Amended Notice of Removal on or before May 28, 2013, properly alleging on personal knowledge the amount in controversy and the citizenship of Thomas A. Janero, Kristen M. Janero, and Xander D. Janero.

SO ORDERED.

Enter for this 13th day of May, 2013.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

2