UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FT. WAYNE DIVISION

| | | |
|---|---|---|
| THOMAS A. JANERO, Individually | ) | |
| and THOMAS A. JANERO, Personal | ) | |
| Representative of the Estates of | ) | |
| KRISTEN M. JANERO and | ) | |
| XANDER D. JANERO, | ) | |
| | ) | Cause No. 1:13-cv-155-TLS |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NORFOLK SOUTHERN RAILWAY COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

**NORFOLK SOUTHERN RAILWAY COMPANY'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant, Norfolk Southern Railway Company, moves the Court for entry of partial summary judgment pursuant to FED. R. CIV. P. 56 on the grounds that there are no genuine issues as to any material fact, and Norfolk Southern is entitled to judgment as a matter of law.

1.      Plaintiff's case arises out of grade crossing accident on September 3, 2011 when Rodney Brown drove in the path of Norfolk Southern's train at railroad grade crossing in Montpelier, Indiana.  The decedents, Kristen Janero, and her son, Xander Janero, were rear seat passengers.

2.      The High Street crossing was equipped with reflectorized crossbucks and dual-faced train-activated flashing light signals on both the east and west sides of the intersection.  A bell was mounted on the northeast flashing light signal mast.  A yellow and black railroad advance warning sign was posted east of the High Street crossing.

3.      Plaintiff alleges that the High Street grade crossing was "extra hazardous," and, therefore, Norfolk Southern should have provided additional (or different) warning devices.

Plaintiff alternatively contends that Norfolk Southern should have closed the crossing or petitioned for closure of the crossing.

4.      New crossbuck signs were installed with federal funds at the High Street crossing under a Federal Highway Administration-approved project administered by the State of Indiana. Accordingly, the Federal Railroad Safety Act, 49 U.S.C. §§ 20101, *et seq.* ("FRSA") preempts any claim that the crossing's warning devices were inadequate or that Norfolk Southern should have closed or petitioned for closure of the High Street grade crossing.

5.      Further, Norfolk Southern did not have a duty under Indiana law to close, or petition for closure of, the High Street grade crossing.

6.      Norfolk Southern also did not have a duty under Indiana law to paint pavement markings on the public roadway in advance of the High Street grade crossing, and further, the absence of pavement markings was not a proximate cause of the accident, as Mr. Brown was aware of the presence of the crossing.

7.      Plaintiff further alleges that the engineer operated the train at an excessive speed. Plaintiff's allegation of excessive train speed is also preempted by the FRSA.  At time of the accident, the train was traveling at 53 miles per hour, within the federal speed limit prescribed for this track.  *See* 49 C.F.R. § 213.9(a).

8.      Plaintiff's allegation that the engineer should have sounded the horn in a series of successive short blasts is also preempted by the FRSA.  49 C.F.R. § 222.21 governs the sounding of train horns in advance of a grade crossing.  The FRSA further preempts Plaintiff's claim that the train horn should have been louder.  The horn complied with the decibel level requirements of 49 C.F.R. § 229.129.

9.      Plaintiff's further claim that the engineer should have sounded the horn for an additional three seconds, or in a different pattern, fails for the absence of proximate cause. Plaintiff's audiologist concludes that Mr. Brown would not have heard the horn, even if it had been sounded in the manner Plaintiff contends.

10.     Plaintiff's obstructed view claim fails because Norfolk Southern complied with Indiana's unobstructed view statute, Ind. Code § 8-6-7.6-1.

11.     Finally, Plaintiff's claim that the train crew should have applied the train's emergency brakes earlier fails for the absence of proximate. Even if the train crew had applied the train's emergency brakes when the engineer first observed Mr. Brown approaching the crossing (even though Mr. Brown gave no indication that he would not yield the train's right-of-way and stop short of the tracks), the train could not have stopped in time or slowed enough to avoid the collision.

12.     Norfolk Southern hereby designates the following materials in support of its motion for partial summary judgment:

- **Exhibit A**- *Deposition of Mickey Coak*, pp. 1, 10-13, 24-29, 46-47, 60-62, Ex. 1 ("Statement of Train and Engine Crews"), Ex. 8, errata, and court reporter's certification;

- **Exhibit B**- *Deposition of Rodney Brown*, pp. 3, 20-22, 37, 82-83;

- **Exhibit C**- *Declaration of Cheri Bradley*, ¶¶ 1-20 and attached Exhibits 1-10;

- **Exhibit D**- *Declaration of Calvin Blanton*, ¶¶ 1-7;

- **Exhibit E**- *Declaration of R. Matthew Brach*, ¶¶ 1-9 and attached Exhibits 1-10;

- **Exhibit F**- *Declaration of Brad Hart*, ¶¶ 1-7 and attached Exhibits 1 and 2;

- **Exhibit G**- *Declaration of Rory Cauffman*, ¶¶ 1-6 and attached Exhibits 1 and 2;

- **Exhibit H**- *Declaration of Gary Wolf*, ¶¶ 1-18 and attached Exhibits 1-27;

- **Exhibit I**- *Declaration of Joseph Hall*, ¶¶ 1-6 and attached Exhibits 1 and 2;

- **Exhibit J**- *Deposition of Christopher Barnes*, pp. 1, 15, 22, and court reporter's certification;

- **Exhibit K**- *Declaration of Robert Lynch*, ¶¶ 1-6 and attached Exhibits 1 and 2;

- **Exhibit L**- *Deposition of Michael Seidemann*, pp. 6, 61, 63-65, 70, 100-102, 110-112, 120;

- **Exhibit M**- *Declaration of Adam Mastrangelo*, ¶¶ 1-11 and attached Exhibit A;

- **Exhibit N**- *RailView* (filed under seal)

- **Exhibit O**- *Deposition of Angela Brown*, pp. 3, 52-53, 56-57;

- **Exhibit P**- *Deposition of Mick Ireton*, pp. 3, 60, 131-132;

13.     The foregoing materials and Norfolk Southern's memorandum in support of its

motion for partial summary judgment are being served contemporaneously herewith.

WHEREFORE, Norfolk Southern Railway Company respectfully requests the entry of

partial summary judgment, and for such other and further relief as the Court deems appropriate.

Respectfully submitted,

/s/John C. Duffey
John C. Duffey (Atty. No. 4756-79)
STUART & BRANIGIN, LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Telephone:  (765) 423-1561
Telecopier:  (765) 742-8175
E-mail:  jcd@stuartlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 28th day of October, 2015, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system:

Jeffrey S. Wrage
Nathan D. Vis
Blachly, Tabor, Bozik & Hartman
56 S. Washington Street
Suite 401
Valparaiso, IN 46383


<u>/s/ John C. Duffey</u>

#788269